1  GREGORY C. CHENG, State Bar No. 226865
   gregory.cheng@ogletreedeakins.com
2  BECKI D. GRAHAM, State Bar No. 238010
   becki.graham@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
4  One Market Plaza
   San Francisco, CA  94105
5  Telephone:    415.442.4810
   Facsimile:    415.442.4870
6
   Attorneys for Defendants
7  BRINK'S, INCORPORATED and
   BRINK'S GLOBAL SERVICES USA, INC.
8

9              **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11

12  KASSWINN DELLUNA, an individual,          Case No. _____

13              Plaintiff,                    **DEFENDANTS' NOTICE OF REMOVAL**

14       v.

15  BRINK'S, INC. and BRINK'S GLOBAL          Complaint Filed:  November 26, 2013
    SERVICES USA, INC.; and DOES 1-100,       Trial Date:       TBD
16  inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

**TO PLAINTIFF AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants Brink's, Incorporated (erroneously sued as "Brink's, Inc.") and Brink's Global Services USA, Inc. ("Defendants"), hereby remove the instant state court action captioned *Kasswinn Delluna v. Brinks, Inc. and Brink's Global Services USA, Inc.; and DOES 1-100,* Case No. SCV 254686, Sonoma County Superior Court, to this Court pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. 1332 because of complete diversity of citizenship.

## I.    REMOVAL JURISDICTION

1.    This action may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1332 because complete diversity exists among the parties and the amount in controversy exceeds $75,000.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1441(a), and 1446(a).

## II.    RELEVANT PROCEDURAL FACTS

3.    On November 26, 2013, plaintiff Kasswinn Delluna ("Plaintiff") filed a Complaint for Damages against Defendants in the Superior Court in and for the County of Sonoma entitled *Kasswinn Delluna v. Brinks, Inc. and Brink's Global Services USA, Inc.; and DOES 1-100,* Case No. SCV 254686, alleging California state law claims for (1) hostile work environment harassment in violation of the Fair Employment and Housing Act ("FEHA"), (2) gender discrimination in violation of the FEHA, (3) retaliation in violation of the FEHA, (4) failure to prevent discrimination and harassment in violation of the FEHA, and (5) wrongful discharge in violation of public policy ("Complaint").

4.    On January 17, 2014, Plaintiff served Defendants with a copy of the summons, Complaint, and notice of judge assignment and case management conference.  A true and correct copy of these documents are attached as **Exhibits A** and **B**.

5.    On February 13, 2014, Defendants filed and served an Answer to the Complaint in Sonoma County Superior Court.  A true and correct copy of Defendants' Answer is attached hereto as **Exhibit C**.

6.      Pursuant to 28 U.S.C. §§ 1446(a), 1447(b), and 1449, a true and correct copy of all pleadings served upon Defendants are attached to this Notice of Removal.

### III.      A PROPER BASIS EXISTS FOR REMOVAL

7.      Defendants are informed and believe that Plaintiff was, and still is, a citizen of the State of California and resides in Martinez, which is in Contra Costa County.  (Complaint at ¶ 1.)

8.      Brink's Incorporated was, at the time the action commenced in the state court, and still is, a Delaware corporation (Complaint at ¶ 3) with its principal place of business in Virginia because its corporate headquarters are located in Richmond, Virginia.  (Declaration of Jeff Durant ("Durant Decl."), ¶ 2).  Thus, Brink's Incorporated was, and still is, a citizen of the States of Delaware and Virginia.  28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State or foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .").

9.      Brink's Global Services USA, Inc. was, at the time the action commenced in the state, and still is, a Delaware corporation (Complaint at ¶ 4) with its principal place of business in New York because its headquarters are located in New York, New York.  (Durant Decl. ¶ 3.)

10.     The Complaint names as defendants DOES 1 through 100.  (Complaint at ¶ 7).  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b).

11.     The Summons and Complaint (and accompanying judge assignment and case notice) are the only pleadings served on Defendants in this matter.  Defendants have filed this notice within 30 days after receiving the pleadings from which they could first determine that this action was removable, and less than one year after commencement of this action.  Thus, the removal is timely and proper pursuant to 28 U.S.C. § 1446(b), (c) and Rule 6 of the Federal Rules of Civil Procedure.

12.     The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Although the Complaint does not allege a specific dollar amount of damages, Defendants only need to establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  In

1  determining whether the jurisdictional minimum is met, the Court considers *all* recoverable

2  damages, including attorney's fees. *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S.

3  333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998);

4  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (citing *Singer v. State Farm*

5  *Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  Moreover, for removal purposes, the

6  amount in controversy is "the pecuniary result to either party which the judgment would directly

7  produce" – either the benefit to the plaintiff <u>or</u> the cost to the defendant.  *In re Ford Motor*

8  *Co./Citibank, N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("In other words, where the value of a

9  plaintiff's potential recovery is below the jurisdictional amount, but the potential cost to the

10  defendant of complying with the injunction exceeds that amount, it is the latter that represents the

11  amount in controversy for jurisdictional purposes.").  Defendants meet their burden based on the

12  following:

13          a.    <u>Loss of Income and Employment Benefits</u>.  In his Complaint, Plaintiff seeks

14  lost income. (Complaint at ¶¶ 51, 59, 63, 68, 73, and subsections (b) and (d) of Plaintiff's Prayer

15  for Relief on p. 13).  Assuming he has not found new employment, Plaintiff puts at issue at least 14

16  months' worth of lost income to date, and more than two years' worth of income to see this case to

17  trial.[1]  Plaintiff earned a yearly salary of $53,300. (Durant Decl. at ¶ 4).  Thus, the amount of lost

18  income at controversy exceeds $100,000.

19          b.    <u>Emotional Distress</u>.  Plaintiff seeks emotional distress damages.  (Complaint

20  at ¶¶ 51, 59, 63, 68, 73, and subsections (b) of Plaintiff's Prayer for Relief on p. 13).  While he

21  does not state a specific amount of damages for emotional distress, "the vagueness of plaintiff's

22  pleadings with regard to emotional distress damages should not preclude the court from noting

23  these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450

24

25

[1] Defendant Brink's Incorporated terminated Plaintiff in November 2012. (See Durant Decl. at ¶

26  4).  While Plaintiff alleges at paragraph 44 of his Complaint that Defendants terminated him on
November 27, *2013*, this is clearly an inadvertent error.  The error is evident on the face of the

27  Complaint.  The incidents alleged leading up to his termination all occurred in 2012 (See
Complaint at ¶¶ 42, 43).  In addition, Plaintiff filed his complaint on November 26, 2013 – the day

28  *before* the erroneously alleged November 27, 2013 termination date.  Plaintiff clearly did not
initiate this lawsuit before his termination.

1   (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of

2   amount in controversy). Emotional distress damages can indeed be substantial. See *Equal*

3   *Employment Opportunity Commission v. Overnite Corporation*, 2009 WL 4731239 (N.D. Cal.

4   2009) (awarding $30,000 emotional distress damages in a retaliation/wrongful termination case);

5   *Campbell v. National Passenger Railroad Corporation*, 2009 WL 692094 (N.D. Cal. 2009)

6   (awarding $120,000 in non-economic damages in a retaliation/wrongful termination case). These

7   high emotional distress awards illustrate how the amount in controversy in this case exceeds

8   $75,000.

9      c. <u>Punitive Damages</u>. Plaintiff seeks punitive damages. (Complaint at ¶¶ 50,

10   60, 64, 74, and subsection (c) of the Prayer for Relief on p. 13). The amount in controversy may

11   include punitive damages. *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253-1254 (5th

12   Cir. 1998); *Anthony v. Security Pac. Fin. Serv., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v.*

13   *Blankinship*, 20 F.3d 383, 386-387 (10th Cir. 1994); *see also See Simmons v. PCR Tech.*, 209 F.

14   Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiff's alleged loss income of

15   $25,600 at the time of removal, included with unspecified amounts for medical expense damages,

16   emotional damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfy

17   the amount in controversy required to establish diversity jurisdiction); *White v. FCI United States,*

18   *Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of

19   compensatory and punitive damages" including emotional distress, etc. combined with a claim for

20   attorney fees and punitive damages, was sufficient to exceed the $75,000 minimum required to

21   establish diversity jurisdiction). Like emotional distress damages, punitive damages may be

22   substantial and in some cases even exceed the amount in controversy. See *Lang v. Healthco Int'l*

23   *Corp.*, 1986 WL 795038 (Fresno County Superior Court) (awarding $175,000 in punitive damages

24   on a wrongful termination claim); *Chopourian v. Catholic Healthcare West*, 2012 WL 767196

25   (E.D. Cal. 2012) (awarding $31,250,000 for wrongful termination).

26      d. <u>Attorney's Fees</u>. Last, Plaintiff seeks attorney's fees. (Complaint at

27   subsection (g) of the Prayer for Relief on p. 13). Plaintiff's Complaint in part asserts various

28   violations of the California Fair Employment and Housing Act ("FEHA") for discrimination,

1  harassment and retaliation.  (*See* **Exhibit A**, Complaint).  For a prevailing party under the FEHA,

2  attorney's fees are recoverable as a matter of right.  Gov't Code § 12965(b).  Accordingly, the

3  Court can consider these fees when determining the amount in controversy.  *Galt G/S v. JSS*

4  *Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) ("where an underlying statute authorizes

5  an award of attorneys' fees, either with mandatory or discretionary language, such fees may be

6  included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004,

7  1010-1011 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable

8  attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit

9  permissibly sought by the plaintiff and thus contributes to the amount in controversy.").

10     In employment cases, fee awards potentially can be high.  This amount alone can

11  sometimes eclipse the $75,000 amount in controversy requirement for diversity jurisdiction.

12  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1025 (N.D. Cal. 2002) ("Maintaining a race

13  discrimination claim will undoubtedly require substantial effort from counsel.  The court notes that

14  in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed

15  the damages."); *Flannery v. Prentice*, 26 Cal.4th 572, 576 (2001) ("$891,042 in fees and expenses

16  for the underlying case and $80,642 in fees and expenses for fee work" in FEHA case awarded by

17  trial court and affirmed by Court of Appeal); *Akers v. County of San Diego*, 95 Cal.App.4th 1441,

18  1445 (2202) (affirming "$249,345 in attorney fees" in pregnancy/gender discrimination case);

19  *Amochaev v. Citigroup Global Markets Inc.*, 2008 WL 3892291 (N.D. Cal. 2008) ($6.5 million in

20  attorneys' fees awarded in a retaliation case); *Equal Employment Opportunity Commission v.*

21  *Albion River Inn Inc.*, 2008 WL 928368 (N.D. Cal. 2008) (awarding $75,000 in attorneys' fees in a

22  single plaintiff case which included a claim for wrongful termination).

23     Based upon the foregoing, the amount in controversy in this matter likely exceeds the

24  jurisdictional minimum of $75,000.  Accordingly, this action is a civil action over which this Court

25  has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by

26  Defendanta pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

27     13.     In the event this Court has a question regarding the propriety of this Notice of

28  Removal, Defendants respectfully request that this Court issue an Order to Show Cause so that

1    Defendants may have an opportunity to supplement a more detailed brief outlining the basis for

2    this Removal.

3

4    DATED:  February 14, 2014                    OGLETREE, DEAKINS, NASH, SMOAK &
                                                  STEWART, P.C.
5

6

7                                                 By:  /s/ Becki D. Graham
                                                  BECKI D. GRAHAM
8                                                 Attorney for Defendants BRINK'S,
                                                  INCORPORATED and BRINK'S GLOBAL
9                                                 SERVICES USA, INC.

10                                                                              16949705.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHBIT A

 CT Corporation

**Service of Process Transmittal**
01/17/2014
CT Log Number 524239170

TO: Christopher B. Cage
Brink's Incorporated
555 Dividend Drive, Suite 100
Coppell, TX 75019-4959

RE: **Process Served in California**

FOR: Brink's Global Services USA, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kasswinn Delluna, etc., Pltf. vs. Brink's, Inc., et al. including Brink's Global Services USA, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Complaint, Notice(s) |
| **COURT/AGENCY:** | Sonoma County - Superior Court - Santa Rosa, CA<br>Case # SCV254686 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of Gender - Wrongful Termination - Retaliation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/17/2014 at 14:25 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Daniel Feder<br>The Law Office of Daniel Feder<br>332 Pine Street<br>San Francisco, CA 94133<br>415-391-9476 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/20/2014, Expected Purge Date: 01/25/2014<br>Image SOP<br>Email Notification, Christopher B. Cage chris.cage@brinksinc.com<br>Email Notification, McAlister C. Marshall, II mmarshall@brinkscompany.com<br>Email Notification, Cara Chenault cara.chenault@brinksinc.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*22p-    01/17/14*                                                    *Cπ*

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

| | |
|---|---|
| **NOTICE TO DEFENDANT:** Brinks, Inc. and Brink's Global *(AVISO AL DEMANDADO):* Services USA, Inc.; DOES 1-100, inclusive | *FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)*<br><br>**E N D O R S E D<br>F I L E D**<br><br>NOV 26 2013<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
| **YOU ARE BEING SUED BY PLAINTIFF:** Kasswinn Delluna, an *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual | |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Sonoma County Superior Court<br>600 Administration Drive Room 107J<br>Santa Rosa, CA 95403 | CASE NUMBER:<br>*(Número del Caso):*<br>**254686**<br>SCV |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel Feder, SBN 130867       415-391-9476   415-391-9432
The Law Office of Daniel Feder
332 Pine Street
San Francisco, CA 94133

| DATE: November 26, 2013<br>*(Fecha)* | **JOSE O. GUILLEN** | Clerk, by<br>*(Secretario)* | **JENNIFER ELLIS** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Brinks Global Services USA

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 1-7-14

[SEAL]

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

*Legal Solutions Plus*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel Feder, SBN 130867 The Law Office of Daniel Feder 332 Pine Street Suite 700 San Francisco, CA 94133   TELEPHONE NO: 415-391-9476   FAX NO: 415-391-9432 ATTORNEY FOR *(Name):* Kasswin Delluna | **E N D O R S E D F I L E D** **NOV 26 2013** SUPERIOR COURT OF CALIFORNIA COUNTY OF SONOMA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
  STREET ADDRESS: 600 Administration Drive Room 107J
  MAILING ADDRESS:
  CITY AND ZIP CODE: Santa Rosa, CA 95403
  BRANCH NAME:

CASE NAME:  Delluna v. Brinks, Inc. et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:  254686 |
|---|---|---|
| [x] Unlimited   [ ] Limited (Amount     (Amount demanded    demanded is exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | SCV  GARY NADLER JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
     issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Five
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 26, 2013
Daniel Feder, SBN 130867
    (TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                    Page 1 of 2

Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**   Legal Solutions Plus   Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court
      Case Matter
    Writ—Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

Daniel Feder (SBN 130867)
**LAW OFFICES OF DANIEL FEDER**
332 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile:  (415) 391-9432

Attorneys for Plaintiff,
KASSWINN DELLUNA

**ENDORSED
FILED**

NOV 2 6 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

## SUPERIOR COURT OF CALIFORNIA IN AND FOR THE

## COUNTY OF SONOMA

## [UNLIMITED JURISDICTION]

KASSWINN DELLUNA, an individual,

   Plaintiff,

   v.

BRINK'S, INC. and BRINK'S GLOBAL
SERVICES USA, INC.; and DOES 1-100,
inclusive,

   Defendants.

Case No.: SCV   254686

**PLAINTIFF'S COMPLAINT FOR DAMAGES
FOR:**

1. Hostile Work Environment in Violation of
   California Government Code 12940, et seq.;
2. Discrimination based on Gender;
3. Failure to Take
4. Retaliation;
5. Wrongful Termination in Violation of Public
   Policy

**REQUEST FOR PUNITIVE DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiff alleges:

### PARTIES

   1.   Plaintiff, KASSWINN DELLUNA, ("Plaintiff") is an adult male and is a resident of

Martinez, California.

   2.   At all times relevant herein, Plaintiff was employed by Defendants BRINK'S, INC. and

BRINK'S GLOBAL SERVICES USA, INC.

   3.   Defendant BRINK'S, INC. is a Delaware corporation.

   4.   BRINK'S GLOBAL SERVICES USA, INC. is a Delaware corporation.

5. Hereinafter Defendants BRINK'S, INC. and BRINK'S GLOBAL SERVICES USA, INC. shall be collectively referred to as ("DEFENDANTS" or "BRINK'S")

6. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS were his employers. PLAINTIFF performs, and has performed to the mutual benefit of all DEFENDANTS, and all DEFENDANTS share control of PLAINTIFF as employers, either directly or indirectly, and the manner in which Defendants' business is conducted.

7. PLAINTIFF is informed and believes and thereon alleges that there exists such a unity of interest and ownership between Defendant BRINK'S INC., Defendant BRINK'S GLOBAL SERVICES USA, INC., and DOES 1 - 100, that the individuality and separateness of DEFENDANTS have ceased to exist. The business affairs of DEFENDANTS, and DOES 1 - 100, are, and at all times relevant hereto were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.

8. PLAINTIFF is informed and believes and thereon alleges (unless otherwise alleged in this Complaint), that at all relevant times herein, all DEFENDANTS were the agents, employees and/or servants, masters or employers of the remaining DEFENDANTS, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other DEFENDANTS.

9. Plaintiff is ignorant of the true names and capacities of the defendants who are sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such unlawful conduct.

10. Plaintiff is informed and believes and thereon alleges that the Defendant, and each of them, at all times relevant herein, were the agents and employees of their co-defendants, and in doing the things alleged in this complaint were acting in the course and scope of such agency and employment. DEFENDANTS, and each of them, are the employers of the managers and supervisors herein complained of, and supervising over Plaintiff, and therefore Defendants, and each of them, are liable

1  for the discriminatory and harassing acts conducted by their agents, employees and supervisors, under
2  the theory of Respondeat Superior.

3  **JURISDICTION & VENUE**

4  11.  Plaintiff brings this action pursuant to and under the provisions of the Fair Employment and
5  Housing Act, California Government Code §§ 12940, et seq. (hereinafter referred to as FEHA);
6  California Constitution, Article I, § 1; and other common and statutory laws.

7  12.  The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

8  13.  At all times set forth herein, DEFENDANTS, and each of them, have employed 5 or more
9  employees for each working day in each of twenty or more calendar weeks in the current or preceding
10 calendar year and is otherwise subject to the provisions of FEHA and other applicable laws.

11 14.  DEFENDANTS, and each of them are, and at all times relevant hereto, have been,
12 "employers" as defined by FEHA.

13 15.  Jurisdiction is proper pursuant to California Code of Civil Procedure § 410.10.

14 16.  Plaintiff is informed and believes, and thereon alleges, that most of the witnesses and
15 evidence relevant to this case are located in San Francisco in California and at other locations in the
16 State of California.

17 17.  Plaintiff is informed and believes, and thereon alleges, that the relative costs and burdens to
18 the parties herein favor the filing of this lawsuit in this Court.  DEFENDANTS suffer no burden or
19 hardship by having to defend this case in this Court.  However, Plaintiff would suffer severe and
20 undue burden and hardship if he was required to file in an alternative forum, if any such forum exists.
21 Such burden and hardship on Plaintiff includes, but is not limited to prohibitive monetary expenses for
22 travel, obtaining counsel in a different venue and/or jurisdiction, increased expenses to investigate and
23 obtain evidence and depose and interview witnesses.

24 18.  State policy favors jurisdiction and venue in the County of Sonoma, California because the
25 State of California has a policy of protecting California residents and ensuring the applicability of
26 FEHA, and other applicable California laws.

27 19.  Venue is proper in this Court because the acts and events set forth in this Complaint occurred
28 in whole or in part in the county of Sonoma, California.

*Delluna v. Brink's, Inc.* et al.            3            **COMPLAINT FOR DAMAGES**
Case No.:

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

20.   Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 19, as though fully set forth herein.

21.   Plaintiff has exhausted his administrative remedies. On or about August 2, 2013 Plaintiff filed a complaint against BRINK'S, INC. and BRINK'S GLOBAL SERVICES, INC. and received a right-to-sue letter from the Department of Fair Employment and Housing.

## GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

22. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 21, as though fully set forth herein.

23. In or approximately 2006, Plaintiff began his employment with BRINK'S.  On or about December 1, 2010, Plaintiff was transferred to the Petaluma Branch as Route Logistics Manager. Plaintiff's responsibilities predominately entailed supervising the drivers, including but not limited to scheduling and dispatching drivers.

24. At the Petaluma branch Plaintiff was supervised by Branch Manager Debbie Christian.

25. Around February/March 2011, Plaintiff complained to Area Director Eric Blakemore about a hostile work environment caused by the sexual relationship between Chief Office Administrator Veronica Kenny and Supervisor Steve Moore.  Plaintiff also advised Mr. Blackmore that Branch Manager Debbie Christian and Ms. Kenny had a personal relationship which prevented performance concerns relating to Ms. Kenny from being addressed.

26. In or around March 2011, Mr. Blackmore conducted an investigation and informed Mr. Moore and Ms. Kenny that their relationship was unprofessional and affected the moral of the branch. However, the relationship did not cease and no further corrective action was taken.

27. After complaining, Ms. Christian informed Plaintiff that she was already aware of the relationship between Mr. Moore and Ms. Kenny, did not appreciate being questioned by Area Director Eric Blakemore, and accused Plaintiff of creating trouble by raising issues that required investigation. Thereafter, Plaintiff was singled out and subjected to false performance criticism by Branch Manager Debbie Christian.

*Delluna v. Brink's, Inc.* et al.                          4                          **COMPLAINT FOR DAMAGES**
Case No.:

1    28. For example, Ms. Christian began to undermine Plaintiff's authority with his subordinate truck

2    drivers and overrode instructions Plaintiff provided drivers. Specifically, one occasion Plaintiff

3    properly instructed a truck driver not to go off route in order to collect from an ATM. However,

4    following Plaintiff's instruction, Ms. Kenny, who was not a supervisor, instructed the driver to the

5    contrary of Plaintiff's initial instructions. Plaintiff immediately addressed the issue with Ms. Kenny.

6    Thereafter, Ms. Christian reprimanded Plaintiff and protected Ms. Kenny's insubordination.

7    29. In addition, in or around December 2011, Plaintiff was given a poor performance review by

8    Ms. Christian though he received positive performance reviews prior to Ms. Christian's performance

9    review.

10   30. Also, shortly after complaining about the hostile work environment, Ms. Kenny falsely

11   accused Plaintiff of engaging in a sexual relationship with BRINK'S employee Kimberly Kechum.

12   Plaintiff again complained to Ms. Christian, Mr. Blakemore, and HR representative Virginia Fuentes

13   regarding Ms. Kenny's sexually inappropriate conduct. To Plaintiff's knowledge no investigation was

14   completed and no disciplinary action was taken.

15   31. On or around December 5, 2011, Ms. Christian separated from her employment with

16   Defendants. Between December 2011 and May 2012, there was no Branch Manager assigned to the

17   Petaluma location.

18   32. In or around, May 2012, BRINK'S City Manager Ben Berry assumed Ms. Christian's job

19   responsibilities at the Petaluma Branch. Shortly thereafter, Mr. Berry and Ms. Kenny began to engage

20   in a sexual relationship that again negatively alter Plaintiff's work environment. In or around May

21   2012 or June 2012, Plaintiff complained to Mr. Berry regarding Mr. Berry's inappropriately touching

22   Ms. Kenny in the workplace.

23   33. In addition, on numerous occasions, Plaintiff brought to Mr. Berry's attention several of Ms.

24   Kenny's tasks which were either not completed, inaccurate reports, and/or that had to be outsourced to

25   individuals at other branches. Rather than discipline Ms. Kenny, Plaintiff was required by Mr. Berry

26   to correct and/or complete Ms. Kenny's work in addition to his responsibilities.

27   34. Further, in July 2012, Ms. Kenny's position was eliminated and billing services were

28   transferred to corporate. Mr. Berry instructed Plaintiff to create work for Ms. Kenny. However,

1   Plaintiff expressed discomfort because to his knowledge other Brink employees who performed the
2   same billing services as Ms. Kenny were laid off.

3      35. Thereafter, Mr. Berry posted a job listing for an assistant at $17/hr. Mr. Berry posted the job
4   opening 15-20 feet from the general place where postings were located in the branch. Plaintiff
5   discovered the assistant job position had not been posted in the usual location a day or two before the
6   deadline expired. As such, Plaintiff relocated the posting to the common area where such postings
7   were generally displayed. Mr. Berry became upset at Plaintiff for relocating the posting and removed
8   the posting entirely from the common area.

9      36. Due to the location of the posting, Ms. Kenny was the only employee to apply for the position.
10  Ms. Kenny had never applied for a lead position, had no prior experience supervising drivers or
11  scheduling routes, and was the subject of several driver complaints. Nevertheless, Mr. Berry
12  promoted Ms. Kenny to the assistant position without any input from Plaintiff with whom she would
13  be directly working.

14     37. Several of the drivers that reported to Plaintiff informed him they were upset that they did not
15  have the opportunity to apply for the assistant position. As such, Plaintiff notified the Petaluma
16  Branch Area Director Chas Kimbrough about a hostile work environment caused by the sexual
17  relationship between Chief Office Administrator Veronica Kenny and this time Branch Manager Ben
18  Berry. Plaintiff informed Mr. Kimbrough of the unfair process by which she was promoted and the
19  complaints he received from several drivers.

20     38. Mr. Berry took away Plaintiff's scheduling responsibilities and assigned them to Ms. Kenny.
21  Ms. Kenny was also made responsible for monitoring the AM vaulting process to ensure trucks get out
22  on time, maintenance of vehicles, and updating the I-Track system reflecting truck locations.

23     39. Plaintiff believes and herein alleges that Ms. Kenny was not qualified to perform her new job
24  responsibilities. For example, she was not Department of Transportation (DOT) certified, messenger
25  certified or guard trained, had no knowledge of the driver routes, or driver responsibilities. As a
26  result, the drivers' schedules were in flux and inventory mistakes were made. Ms. Kenny gave
27  preferential schedules to BRINK'S Driver Alex (LNU), with whom she also began to have a sexual
28  relationship.

40. Plaintiff had to again shoulder Ms. Kenny's job responsibilities in addition to his own. Plaintiff reported to Mr. Berry and Mr. Kimbrough that Ms. Kenny was not performing her responsibilities, that he had to take up her job duties, and that she refused to communicate with him and would remark, "I don't report to you."

41. To Plaintiff's knowledge, Ms. Kenny was not counseled regarding her performance. Instead, following Plaintiff's numerous complaints regarding the hostile work environment, Mr. Berry and Mr. Kimborough provided Plaintiff counseling and a performance improvement plan in August 2012. In addition, Mr. Kimborough began to ignore Plaintiff's numerous requests for assistance with work related matters at the Petaluma branch.

42. Plaintiff brought to Mr. Berry's attention reports relating to Ms. Kenny's verbal abuse towards BRINK drivers. For example, on or about September 2012, Plaintiff reported to Mr. Berry and Human Representative Bryan Rosenthal that Ms. Kenny yelled at BRINK'S Driver Raul Hernandez and caused him a great deal of emotional distress. After bringing the matter to HR's attention, Mr. Berry's met with Plaintiff and cautioned him about e-mailing Human Resources. To Plaintiff's knowledge no corrective action was taken towards Ms. Kenny.

43. On or about October 17, 2012, shortly after his numerous complaints regarding a hostile work environment caused by the sexual relationships between Ms. Kenny and Plaintiff's supervisors, Plaintiff was suspended from his employment because of an alleged altercation with a supervisor. Plaintiff was not provided a duration of time for his suspension and was not returned to his position.

44. Instead, on or about November 27, 2013, Plaintiff was terminated from his employment for allegedly failing to communicate or demonstrate the leadership required for his position.

**FIRST CAUSE OF ACTION**
VIOLATION OF CALIFORNIA GOVERNMENT CODE 12940, ET SEQ.
(HOSTILE WORK ENVIRONMENT)
[AGAINST ALL DEFENDANTS]

45. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-44 as though fully set forth herein.

46. At all times relevant herein, FEHA was in full force and effect and binding upon DEFENDANTS. FEHA requires DEFENDANTS to refrain from discrimination against, and

1  harassment of, an employee on the basis of their gender, among other classifications.  Moreover,

2  FEHA prohibits an employer from subjecting an employee, such as Plaintiff, to severe and pervasive,

3  offensive, unwanted, non-consensual conduct of a sexual nature in the workplace.

4     47. Plaintiff was subjected to unwelcome sexual conduct by Chief Office Administrator Veronica

5  Kenny and Supervisor Steven Moore who were engaged in a sexual relationship outside of work and,

6  subsequently the sexual relationship between Ms. Kenny and Branch Manager Ben Berry.  In addition,

7  Ms. Kenny falsely reported to other BRINK'S employees that Plaintiff was engaged in a sexual

8  relationship at work with a female employee in retaliation for Plaintiff's complaints to Human

9  Resources regarding her conduct.  To Plaintiff's knowledge Ms. Kenny was not disciplined for her

10  conduct.  Moreover, Plaintiff believes and herein alleges that Ms. Kenny was treated more favorably

11  than him and other male employees and was not subjected to performance criticism as a result of her

12  sexual relationships with Mr. Moore and Mr. Berry.

13     48.  Defendant BRINK'S knew or should have known of Ms. Kenny, Mr. Moore, and Mr. Berry's

14  behavior, particularly after Plaintiff complained to Defendant BRINK'S, by and through its

15  supervisors. Despite such knowledge, DEFENDANTS failed to correct, remedy, or otherwise protect

16  Plaintiff from further harassing conduct.  Plaintiff is informed and believes, and thereon alleges, that

17  DEFENDANTS, and each of their, conduct was motivated by Plaintiff's gender.

18     49.  DEFENDANTS, and each of their, conduct was so severe and pervasive, it materially altered

19  Plaintiff's terms of employment.

20     50.  DEFENDANTS, and each of them, committed the acts herein alleged maliciously,

21  fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an

22  improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an

23  award of exemplary and punitive damages is justified.   Further, the acts mentioned herein were

24  carried out by supervising employees acting in a deliberate, callous and intentional manner in order to

25  injure and damage Plaintiff.  For the reasons stated herein, Plaintiff is therefore entitled to and hereby

26  prays for punitive damages in an amount sufficient to punish DEFENDANTS.

27     51. As an actual and proximate result of DEFENDANTS', and each of their, acts, Plaintiff was

28  damaged in an amount to be determined at trial.  Plaintiff's damages include, but are not limited to,

---

*Delluna v. Brink's, Inc.* et al.                                8                          **COMPLAINT FOR DAMAGES**
Case No.:

1  loss of income, emotional and physical distress, humiliation and embarrassment, and other damages,

2  which exact amount is not fully ascertained and will be proven at trial.

3      WHEREFORE, Plaintiff prays for punitive damages and judgment as hereinafter set forth.

4  **SECOND CAUSE OF ACTION**

5  DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE 12940, ET SEQ.<br>(GENDER)

6  [AGAINST ALL DEFENDANTS]

7      52. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-51 as though fully set

8  forth herein.

9      53. At all times herein mentioned, Defendant BRINK'S qualified as an "employer" as defined

10  within California Fair Employment and Housing Act (California Government Code 12940, et seq, or

11  "FEHA"), in that they each regularly employed five or more workers.

12      54. At all times herein mentioned, FEHA was in full force and effect and was binding upon

13  Defendant BRINK'S. FEHA requires employers, such as Defendant BRINK'S to refrain from

14  discrimination against, and harassment of, an employee on the basis of their gender, among other

15  classifications. Within the time provided by law, Plaintiff made a complaint to the California

16  Department of Fair Employment and Housing ("DFEH") and has received his Notice of Right to Sue.

17      55. At all times during Plaintiff's tenure with Defendants, and each of them, Plaintiff was

18  protected by California State law from discrimination, harassment, or termination based solely on, or

19  motivated by, his gender.

20      56. At all times during Plaintiff's tenure with Defendants, and each of them, Plaintiff performed

21  his duties in an acceptable manner.

22      57. Defendant BRINK'S made numerous decisions which adversely affected Plaintiff in regards to

23  the terms, conditions and privileges of employment. Such actions include, but are not limited to: a)

24  failing to address Plaintiff's complaints of a hostile work environment; b) subjecting Plaintiff to

25  negative performance criticism following his numerous complaints of hostile work environment; c)

26  suspending Plaintiff and; d) terminating Plaintiff from his employment. Plaintiff is informed and

27

28

---

*Delluna v. Brink's, Inc.* et al.            9               **COMPLAINT FOR DAMAGES**
Case No.:

1  believes, and thereon alleges, that Plaintiff's gender was a motivating factor in the Defendants', and

2  each of their, acts as alleged above and incorporated herein by reference.

3      58.  Plaintiff informed Defendant BRINK'S of the discrimination and disparate treatment that was

4  being shown towards female employee Veronica Kenny. Defendant BRINK'S failed to take any

5  reasonable steps to prevent or address Plaintiff's complaints.

6      59.  Defendants', and each of their, conduct was extreme and outrageous and has caused Plaintiff

7  injury, damage, loss and harm, including but not limited to, loss of income, humiliation,

8  embarrassment, severe mental and emotional distress, and discomfort, all of which amount to

9  Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount

10  to be proven at trial.

11      60.  Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently,

12  and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil

13  motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of

14  exemplary and punitive damages is justified.  Further, the actions directed at Plaintiff were carried out

15  by supervising employees acting in a deliberate, callous and intentional manner in order to injure and

16  damage Plaintiff.

17  WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

18  below.

19                        **THIRD CAUSE OF ACTION**

20      UNLAWFUL RETALIATION - GOVERNMENT CODE §§ 12940(h) –

                  (AGAINST ALL DEFENDANTS)

21

22      61.  Plaintiff realleges and incorporates by reference, each and every allegation in paragraphs 1-60.

23      62.  Defendants and each of them, took adverse employment actions against Plaintiff, as alleged

24  herein, in retaliation for Plaintiff's opposition to practices prohibited by the California Fair

25  Employment and Housing Act ("FEHA").

26      63.  As a direct, proximate and foreseeable result of Defendants' acts and failures to act as alleged

27  herein, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of

28  income, humiliation, embarrassment, severe mental and emotional distress, and discomfort. Plaintiff

1   has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to

2   her career and reputation and extreme and enduring emotional distress including but not limited to

3   humiliation, shock, embarrassment, fear, anxiety and discomfort, all to her damage in an amount to be

4   determined according to proof at trial.

5      64.  Defendants committed the acts herein alleged despicably, maliciously, fraudulently, and

6   oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil

7   motive amounting to malice and in conscious disregard of Plaintiff's rights.  Because the acts taken

8   toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous,

9   despicable, and intentional manner in order to injure and damage plaintiff, he is entitled to punitive

10  damages from Defendants in an amount according to proof.

11  WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

12  below.

13  **FOURTH CAUSE OF ACTION**

14  FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO PREVENT
    DISCRIMINATION AND HARASSMENT FROM OCCURRING-

15  GOVERNMENT CODE §§ 12940(k)-

16  (AGAINST ALL DEFENDANTS)

17     65. Plaintiff realleges and incorporates by reference, each and every allegation in paragraphs 1-64.

18     66.  Defendant BRINK'S failed to take all reasonable steps to prevent discrimination and

19  harassment against Plaintiff from occurring, and failed to take immediate and appropriate corrective

20  action to remedy the harassment, in violation of FEHA, by engaging in conduct set forth herein, in

21  violation of Government Code §12940(k).

22     67.  Specifically, Defendant BRINK'S failed to take any disciplinary measures to prevent

23  discrimination and harassment against Plaintiff from occurring in the workplace and failed to take any

24  immediate and appropriate corrective action against Ms. Kenny, Mr. Moore, or Mr. Berry for

25  engaging in inappropriate sexual conduct in the workplace and subsequently subjecting Plaintiff to

26  discrimination and retaliation, such as issuing a formal warning, providing counseling, or imposing

27  probation, suspension, or termination.

28

---

*Delluna v. Brink's, Inc.* et al.                                   11                        **COMPLAINT FOR DAMAGES**
Case No.:

68. As a direct, proximate and foreseeable result of Defendants' acts and failures to act as alleged herein, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort. Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all to her damage in an amount to be determined according to proof at trial.

69. Defendant BRINK'S committed the acts herein alleged despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, despicable, and intentional manner in order to injure and damage Plaintiff, he is entitled to punitive damages from BRINK'S in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### FIFTH CAUSE OF ACTION
WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
[AGAINST ALL DEFENDANTS]

70. Plaintiff realleges and incorporates by reference against each defendant, each and every allegation in paragraphs 1-69.

71. At all times relevant to this complaint, FEHA was in full force and effect and binding upon defendants. FEHA prohibits employers from harassing employees because of sex and discriminating against the person in terms, conditions, or privileges of employment because of the person's sex or because the person has opposed any practices forbidden under FEHA.

72. Defendant BRINK'S violated the public policy of California by terminating, actually and/or constructively, Plaintiff's employment because of his opposition to sexual harassment.

73. As a direct, proximate and foreseeable result of Defendants' acts and failures to act as alleged herein, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of

*Delluna v. Brink's, Inc.* et al.                                    12                         **COMPLAINT FOR DAMAGES**
Case No.:

1  income, humiliation, embarrassment, severe mental and emotional distress, and discomfort. Plaintiff

2  has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to

3  her career and reputation and extreme and enduring emotional distress including but not limited to

4  humiliation, shock, embarrassment, fear, anxiety and discomfort, all to her damage in an amount to be

5  determined according to proof at trial.

6       74. Defendant BRINK'S committed the acts herein alleged despicably, maliciously, fraudulently,

7  and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil

8  motive amounting to malice and in conscious disregard of Plaintiff's rights.  Because the acts taken

9  toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous,

10 despicable, and intentional manner in order to injure and damage Plaintiff,  he is entitled to punitive

11 damages from BRINK'S in an amount according to proof.

12 WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

13 below.

14

15                                **PRAYER FOR RELIEF**

16       WHEREFORE, Plaintiff makes the following demand:

17       (a)     That process be issued and served as provided by law, requiring DEFENDANTS, and

18 each of them, to appear and answer or face judgment;

19       (b)     For general, special, actual, compensatory and/or nominal damages, as against

20 DEFNDANTS, and each of them, in an amount to be determined at trial;

21       (c)     For punitive damages in an amount to be determined at trial sufficient to punish,

22 penalize and/or deter DEFENDANTS, and each of them, from further engaging in the conduct

23 described herein;

24       (d)     For back pay and other benefits Plaintiff would have been afforded but-for

25 DEFENDANTS', and each of their, unlawful conduct;

26       (e)     For statutory penalties as allowed by law;

27       (f)     For costs and expenses of this litigation;

28       (g)     For reasonable attorneys' fees where appropriate;

*Delluna v. Brink's, Inc.* et al.                    13                    **COMPLAINT FOR DAMAGES**
Case No.:

1    (h)    For pre and post-judgment interest on all damages and other relief awarded herein from

2   all entities against whom such relief may be properly awarded; and,

3    (i)    For all such other relief as this Court deems just and appropriate.

4   Dated: *November 26, 2013*                    Law Offices of Daniel Feder

5

6

7                                              DANIEL FEDER
                                               Attorneys for Plaintiff, SOMER ABURISH
8

9   PLAINTIFF DEMANDS TRIAL BY JURY.

10

11  Dated: *November 26, 2013*                   Law Offices of Daniel Feder

12

13                                             DANIEL FEDER
                                               Attorneys for Plaintiff, SOMER ABURISH

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

*Delhuna v. Brink's, Inc.* et al.                14              **COMPLAINT FOR DAMAGES**
Case No.:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
CIVIL DIVISION
600 ADMINISTRATION DRIVE, ROOM 107-J
SANTA ROSA, CALIFORNIA 95403-2878
(707) 521-6500
www.sonoma.courts.ca.gov

(FOR COURT USE ONLY)

**ENDORSED
FILED**

NOV 26 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,
NOTICE OF CASE MANAGEMENT CONFERENCE,
and ORDER TO SHOW CAUSE**

Case number:

SCV 254686

**A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT
AND WITH ANY CROSS-COMPLAINT**

1. **THIS ACTION IS ASSIGNED TO HON.** _____GARY NADLER_____ **FOR ALL PURPOSES.**
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear
   below the number of the case and the nature of the paper on the first page of each paper
   presented for filing.
2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS
   REQUIRED BY THE SUMMONS.
   A Case Management Conference has been set at the time and place indicated below:

   | Date: MAR 2 7 2014 | Time: | Courtroom: |
   |---|---|---|
   | Location: 3035 CLEVELAND AVE STE 200 SANTA ROSA, CA 95403 | 300p | 17 |

3. No later than 15 calendar days before the date set for the case management conference or
   review, each party must file a case management statement [Judicial Council form #CM-110] and
   serve it on all other parties in the case. In lieu of each party's filing a separate case management
   statement, any two or more parties may file a joint statement.
4. At the conference, counsel for each party and each self-represented party must appear personally
   or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and
   must be prepared to discuss and commit to the party's position on the issues listed in California
   Rules of Court, Rule 3.727.
5. Pre-approved dispositions are recorded three (3) court days prior to the case management
   conference. These may be obtained by calling (707) 521-6883 or by going to
   http://sonoma.courts.ca.gov/online-services/tentative-rulings.

**ORDER TO SHOW CAUSE**

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California
Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there
show cause why this court should not impose monetary and/or terminating sanctions in this matter.

CV-1 [Rev. February 19, 2013] NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC  CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

# EXHBIT B

 **CT Corporation**

**Service of Process Transmittal**
01/17/2014
CT Log Number 524239302

**TO:** Christopher B. Cage
Brink's Incorporated
555 Dividend Drive, Suite 100
Coppell, TX 75019-4959

**RE:** **Process Served in California**

**FOR:** Brink's Incorporated (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kasswinn Delluna, etc., Pltf. vs. Brink's, Inc., et al., Dfts.<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Complaint, Notice(s) |
| **COURT/AGENCY:** | Sonoma County - Superior Court - Santa Rosa, CA<br>Case # SCV254686 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of gender - Wrongful Termination<br>- Harassment - Retaliation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/17/2014 at 14:25 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 30 days after service (Document(s) may contain<br>additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Daniel Feder<br>The Law Office of Daniel Feder<br>332 Pine Street<br>San Francisco, CA 94133<br>415-391-9476 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/20/2014, Expected Purge Date:<br>01/25/2014<br>Image SOP<br>Email Notification, Christopher B. Cage chris.cage@brinksinc.com<br>Email Notification, McAlister C. Marshall, II mmarshall@brinkscompany.com<br>Email Notification, Cara Chenault cara.chenault@brinksinc.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*225 p*   *01/17/14*   *Or*

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** Brinks, Inc. and Brink's Global
*(AVISO AL DEMANDADO):* Services USA, Inc.; DOES 1-100,
inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**E N D O R S E D
F I L E D**

NOV 26 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**YOU ARE BEING SUED BY PLAINTIFF:** Kasswinn Delluna, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Sonoma County Superior Court<br>600 Administration Drive Room 107J<br>Santa Rosa, CA 95403 | CASE NUMBER:<br>*(Número del Caso):*<br>**254686** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel Feder, SBN 130867    415-391-9476    415-391-9432
The Law Office of Daniel Feder
332 Pine Street
San Francisco, CA 94133

DATE: November 26, 2013    Clerk, by _____, Deputy
*(Fecha)*    **JOSE O. GUILLEN**    *(Secretario)*    *(Adjunto)*

**JENNIFER ELLIS**

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* BRINKS INC.

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1-17-77

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
La Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel Feder, SBN 130867<br>The Law Office of Daniel Feder<br>332 Pine Street<br>Suite 700<br>San Francisco, CA 94133<br>TELEPHONE NO.: 415-391-9476  FAX NO.: 415-391-9432<br>ATTORNEY FOR *(Name):* Kasswin Delluna | **ENDORSED**<br>**FILED**<br><br>NOV 26 2013<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 600 Administration Drive Room 107J
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME:

CASE NAME: Delluna v. Brinks, Inc. et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 254686 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | SCV GARY NADLER<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Five
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 26, 2013

Daniel Feder, SBN 130867
(TYPE OR PRINT NAME)                                          ▶ Daniel Feder /cn/
                                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

1  Daniel Feder (SBN 130867)
   **LAW OFFICES OF DANIEL FEDER**
2  332 Pine Street, Suite 700
   San Francisco, CA 94104
3  Telephone: (415) 391-9476
   Facsimile: (415) 391-9432
4
5  Attorneys for Plaintiff,
   KASSWINN DELLUNA
6

**E N D O R S E D**
**F I L E D**

**NOV 26 2013**

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SONOMA**

7              SUPERIOR COURT OF CALIFORNIA IN AND FOR THE

8                          COUNTY OF SONOMA

9                         [UNLIMITED JURISDICTION]

10

11

12  KASSWINN DELLUNA, an individual,          Case No.: SCV   254686

13              Plaintiff,                     **PLAINTIFF'S COMPLAINT FOR DAMAGES**
                                               **FOR:**
14       v.
                                               1.  Hostile Work Environment in Violation of
15  BRINK'S, INC. and BRINK'S GLOBAL              California Government Code 12940, et seq.;
    SERVICES USA, INC.; and DOES 1-100,       2.  Discrimination based on Gender;
16  inclusive,                                 3.  Failure to Take
                                               4.  Retaliation;
17              Defendants.                    5.  Wrongful Termination in Violation of Public
                                                   Policy
18

19                                             **REQUEST FOR PUNITIVE DAMAGES**

20                                             **DEMAND FOR JURY TRIAL**

21  Plaintiff alleges:

22                              **PARTIES**

23      1.   Plaintiff, KASSWINN DELLUNA, ("Plaintiff") is an adult male and is a resident of

24  Martinez, California.

25      2.   At all times relevant herein, Plaintiff was employed by Defendants BRINK'S, INC. and

26  BRINK'S GLOBAL SERVICES USA, INC.

27      3.   Defendant BRINK'S, INC. is a Delaware corporation.

28      4.   BRINK'S GLOBAL SERVICES USA, INC. is a Delaware corporation.

---

*Delluna v. Brink's, Inc.* et al.              1              **COMPLAINT FOR DAMAGES**
Case No.:

1      5.  Hereinafter Defendants BRINK'S, INC. and BRINK'S GLOBAL SERVICES USA, INC. shall

2  be collectively referred to as ("DEFENDANTS" or "BRINK'S")

3      6.  PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS were his

4  employers.  PLAINTIFF performs, and has performed to the mutual benefit of all DEFENDANTS,

5  and all DEFENDANTS share control of PLAINTIFF as employers, either directly or indirectly, and

6  the manner in which Defendants' business is conducted.

7      7.  PLAINTIFF is informed and believes and thereon alleges that there exists such a unity of

8  interest and ownership between Defendant BRINK'S INC., Defendant BRINK'S GLOBAL

9  SERVICES USA, INC., and DOES 1 - 100, that the individuality and separateness of DEFENDANTS

10  have ceased to exist.  The business affairs of DEFENDANTS, and DOES 1 - 100, are, and at all times

11  relevant hereto were, so mixed and intermingled that the same cannot reasonably be segregated, and

12  the same are in inextricable confusion.

13      8.  PLAINTIFF is informed and believes and thereon alleges (unless otherwise alleged in this

14  Complaint), that at all relevant times herein, all DEFENDANTS were the agents, employees and/or

15  servants, masters or employers of the remaining DEFENDANTS, and in doing the things hereinafter

16  alleged, were acting within the course and scope of such agency or employment, and with the approval

17  and ratification of each of the other DEFENDANTS.

18      9.  Plaintiff is ignorant of the true names and capacities of the defendants who are sued herein as

19  DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff

20  will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is

21  informed and believes, and thereon alleges, that each of said fictitiously named defendants is

22  responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein

23  alleged were proximately caused by such unlawful conduct.

24      10.  Plaintiff is informed and believes and thereon alleges that the Defendant, and each of them, at

25  all times relevant herein, were the agents and employees of their co-defendants, and in doing the

26  things alleged in this complaint were acting in the course and scope of such agency and employment.

27  DEFENDANTS, and each of them, are the employers of the managers and supervisors herein

28  complained of, and supervising over Plaintiff, and therefore Defendants, and each of them, are liable

---

1  for the discriminatory and harassing acts conducted by their agents, employees and supervisors, under

2  the theory of Respondeat Superior.

### JURISDICTION & VENUE

4      11.  Plaintiff brings this action pursuant to and under the provisions of the Fair Employment and

5  Housing Act, California Government Code §§ 12940, et seq. (hereinafter referred to as FEHA);

6  California Constitution, Article I, § 1; and other common and statutory laws.

7      12.  The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

8      13.  At all times set forth herein, DEFENDANTS, and each of them, have employed 5 or more

9  employees for each working day in each of twenty or more calendar weeks in the current or preceding

10  calendar year and is otherwise subject to the provisions of FEHA and other applicable laws.

11      14.  DEFENDANTS, and each of them are, and at all times relevant hereto, have been,

12  "employers" as defined by FEHA.

13      15.  Jurisdiction is proper pursuant to California Code of Civil Procedure § 410.10.

14      16.  Plaintiff is informed and believes, and thereon alleges, that most of the witnesses and

15  evidence relevant to this case are located in San Francisco in California and at other locations in the

16  State of California.

17      17.  Plaintiff is informed and believes, and thereon alleges, that the relative costs and burdens to

18  the parties herein favor the filing of this lawsuit in this Court. DEFENDANTS suffer no burden or

19  hardship by having to defend this case in this Court. However, Plaintiff would suffer severe and

20  undue burden and hardship if he was required to file in an alternative forum, if any such forum exists.

21  Such burden and hardship on Plaintiff includes, but is not limited to prohibitive monetary expenses for

22  travel, obtaining counsel in a different venue and/or jurisdiction, increased expenses to investigate and

23  obtain evidence and depose and interview witnesses.

24      18.  State policy favors jurisdiction and venue in the County of Sonoma, California because the

25  State of California has a policy of protecting California residents and ensuring the applicability of

26  FEHA, and other applicable California laws.

27      19.  Venue is proper in this Court because the acts and events set forth in this Complaint occurred

28  in whole or in part in the county of Sonoma, California.

---

*Delluna v. Brink's, Inc.* et al.                      3                        **COMPLAINT FOR DAMAGES**
Case No.:

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

20.   Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 19, as though fully set forth herein.

21.   Plaintiff has exhausted his administrative remedies. On or about August 2, 2013 Plaintiff filed a complaint against BRINK'S, INC. and BRINK'S GLOBAL SERVICES, INC. and received a right-to-sue letter from the Department of Fair Employment and Housing.

## GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

22. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 21, as though fully set forth herein.

23. In or approximately 2006, Plaintiff began his employment with BRINK'S.  On or about December 1, 2010, Plaintiff was transferred to the Petaluma Branch as Route Logistics Manager. Plaintiff's responsibilities predominately entailed supervising the drivers, including but not limited to scheduling and dispatching drivers.

24. At the Petaluma branch Plaintiff was supervised by Branch Manager Debbie Christian.

25. Around February/March 2011, Plaintiff complained to Area Director Eric Blakemore about a hostile work environment caused by the sexual relationship between Chief Office Administrator Veronica Kenny and Supervisor Steve Moore.  Plaintiff also advised Mr. Blackmore that Branch Manager Debbie Christian and Ms. Kenny had a personal relationship which prevented performance concerns relating to Ms. Kenny from being addressed.

26. In or around March 2011, Mr. Blackmore conducted an investigation and informed Mr. Moore and Ms. Kenny that their relationship was unprofessional and affected the moral of the branch. However, the relationship did not cease and no further corrective action was taken.

27. After complaining, Ms. Christian informed Plaintiff that she was already aware of the relationship between Mr. Moore and Ms. Kenny, did not appreciate being questioned by Area Director Eric Blakemore, and accused Plaintiff of creating trouble by raising issues that required investigation. Thereafter, Plaintiff was singled out and subjected to false performance criticism by Branch Manager Debbie Christian.

28. For example, Ms. Christian began to undermine Plaintiff's authority with his subordinate truck drivers and overrode instructions Plaintiff provided drivers. Specifically, one occasion Plaintiff properly instructed a truck driver not to go off route in order to collect from an ATM. However, following Plaintiff's instruction, Ms. Kenny, who was not a supervisor, instructed the driver to the contrary of Plaintiff's initial instructions. Plaintiff immediately addressed the issue with Ms. Kenny. Thereafter, Ms. Christian reprimanded Plaintiff and protected Ms. Kenny's insubordination.

29. In addition, in or around December 2011, Plaintiff was given a poor performance review by Ms. Christian though he received positive performance reviews prior to Ms. Christian's performance review.

30. Also, shortly after complaining about the hostile work environment, Ms. Kenny falsely accused Plaintiff of engaging in a sexual relationship with BRINK'S employee Kimberly Kechum. Plaintiff again complained to Ms. Christian, Mr. Blakemore, and HR representative Virginia Fuentes regarding Ms. Kenny's sexually inappropriate conduct. To Plaintiff's knowledge no investigation was completed and no disciplinary action was taken.

31. On or around December 5, 2011, Ms. Christian separated from her employment with Defendants. Between December 2011 and May 2012, there was no Branch Manager assigned to the Petaluma location.

32. In or around, May 2012, BRINK'S City Manager Ben Berry assumed Ms. Christian's job responsibilities at the Petaluma Branch. Shortly thereafter, Mr. Berry and Ms. Kenny began to engage in a sexual relationship that again negatively alter Plaintiff's work environment. In or around May 2012 or June 2012, Plaintiff complained to Mr. Berry regarding Mr. Berry's inappropriately touching Ms. Kenny in the workplace.

33. In addition, on numerous occasions, Plaintiff brought to Mr. Berry's attention several of Ms. Kenny's tasks which were either not completed, inaccurate reports, and/or that had to be outsourced to individuals at other branches. Rather than discipline Ms. Kenny, Plaintiff was required by Mr. Berry to correct and/or complete Ms. Kenny's work in addition to his responsibilities.

34. Further, in July 2012, Ms. Kenny's position was eliminated and billing services were transferred to corporate. Mr. Berry instructed Plaintiff to create work for Ms. Kenny. However,

1   Plaintiff expressed discomfort because to his knowledge other Brink employees who performed the
2   same billing services as Ms. Kenny were laid off.

3       35. Thereafter, Mr. Berry posted a job listing for an assistant at $17/hr. Mr. Berry posted the job
4   opening 15-20 feet from the general place where postings were located in the branch. Plaintiff
5   discovered the assistant job position had not been posted in the usual location a day or two before the
6   deadline expired. As such, Plaintiff relocated the posting to the common area where such postings
7   were generally displayed. Mr. Berry became upset at Plaintiff for relocating the posting and removed
8   the posting entirely from the common area.

9       36. Due to the location of the posting, Ms. Kenny was the only employee to apply for the position.
10  Ms. Kenny had never applied for a lead position, had no prior experience supervising drivers or
11  scheduling routes, and was the subject of several driver complaints. Nevertheless, Mr. Berry
12  promoted Ms. Kenny to the assistant position without any input from Plaintiff with whom she would
13  be directly working.

14      37. Several of the drivers that reported to Plaintiff informed him they were upset that they did not
15  have the opportunity to apply for the assistant position. As such, Plaintiff notified the Petaluma
16  Branch Area Director Chas Kimbrough about a hostile work environment caused by the sexual
17  relationship between Chief Office Administrator Veronica Kenny and this time Branch Manager Ben
18  Berry. Plaintiff informed Mr. Kimbrough of the unfair process by which she was promoted and the
19  complaints he received from several drivers.

20      38. Mr. Berry took away Plaintiff's scheduling responsibilities and assigned them to Ms. Kenny.
21  Ms. Kenny was also made responsible for monitoring the AM vaulting process to ensure trucks get out
22  on time, maintenance of vehicles, and updating the I-Track system reflecting truck locations.

23      39. Plaintiff believes and herein alleges that Ms. Kenny was not qualified to perform her new job
24  responsibilities. For example, she was not Department of Transportation (DOT) certified, messenger
25  certified or guard trained, had no knowledge of the driver routes, or driver responsibilities. As a
26  result, the drivers' schedules were in flux and inventory mistakes were made. Ms. Kenny gave
27  preferential schedules to BRINK'S Driver Alex (LNU), with whom she also began to have a sexual
28  relationship.

40. Plaintiff had to again shoulder Ms. Kenny's job responsibilities in addition to his own. Plaintiff reported to Mr. Berry and Mr. Kimbrough that Ms. Kenny was not performing her responsibilities, that he had to take up her job duties, and that she refused to communicate with him and would remark, "I don't report to you."

41. To Plaintiff's knowledge, Ms. Kenny was not counseled regarding her performance. Instead, following Plaintiff's numerous complaints regarding the hostile work environment, Mr. Berry and Mr. Kimborough provided Plaintiff counseling and a performance improvement plan in August 2012. In addition, Mr. Kimborough began to ignore Plaintiff's numerous requests for assistance with work related matters at the Petaluma branch.

42. Plaintiff brought to Mr. Berry's attention reports relating to Ms. Kenny's verbal abuse towards BRINK drivers. For example, on or about September 2012, Plaintiff reported to Mr. Berry and Human Representative Bryan Rosenthal that Ms. Kenny yelled at BRINK'S Driver Raul Hernandez and caused him a great deal of emotional distress. After bringing the matter to HR's attention, Mr. Berry's met with Plaintiff and cautioned him about e-mailing Human Resources. To Plaintiff's knowledge no corrective action was taken towards Ms. Kenny.

43. On or about October 17, 2012, shortly after his numerous complaints regarding a hostile work environment caused by the sexual relationships between Ms. Kenny and Plaintiff's supervisors, Plaintiff was suspended from his employment because of an alleged altercation with a supervisor. Plaintiff was not provided a duration of time for his suspension and was not returned to his position.

44. Instead, on or about November 27, 2013, Plaintiff was terminated from his employment for allegedly failing to communicate or demonstrate the leadership required for his position.

### FIRST CAUSE OF ACTION
VIOLATION OF CALIFORNIA GOVERNMENT CODE 12940, ET SEQ.
(HOSTILE WORK ENVIRONMENT)
[AGAINST ALL DEFENDANTS]

45. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-44 as though fully set forth herein.

46. At all times relevant herein, FEHA was in full force and effect and binding upon DEFENDANTS. FEHA requires DEFENDANTS to refrain from discrimination against, and

---

*Delluna v. Brink's, Inc.* et al.                    7                    COMPLAINT FOR DAMAGES
Case No.:

1   harassment of, an employee on the basis of their gender, among other classifications.  Moreover,

2   FEHA prohibits an employer from subjecting an employee, such as Plaintiff, to severe and pervasive,

3   offensive, unwanted, non-consensual conduct of a sexual nature in the workplace.

4        47. Plaintiff was subjected to unwelcome sexual conduct by Chief Office Administrator Veronica

5   Kenny and Supervisor Steven Moore who engaged in a sexual relationship outside of work and,

6   subsequently the sexual relationship between Ms. Kenny and Branch Manager Ben Berry.  In addition,

7   Ms. Kenny falsely reported to other BRINK'S employees that Plaintiff was engaged in a sexual

8   relationship at work with a female employee in retaliation for Plaintiff's complaints to Human

9   Resources regarding her conduct.  To Plaintiff's knowledge Ms. Kenny was not disciplined for her

10  conduct.  Moreover, Plaintiff believes and herein alleges that Ms. Kenny was treated more favorably

11  than him and other male employees and was not subjected to performance criticism as a result of her

12  sexual relationships with Mr. Moore and Mr. Berry.

13       48.  Defendant BRINK'S knew or should have known of Ms. Kenny, Mr. Moore, and Mr. Berry's

14  behavior, particularly after Plaintiff complained to Defendant BRINK'S, by and through its

15  supervisors. Despite such knowledge, DEFENDANTS failed to correct, remedy, or otherwise protect

16  Plaintiff from further harassing conduct.  Plaintiff is informed and believes, and thereon alleges, that

17  DEFENDANTS, and each of their, conduct was motivated by Plaintiff's gender.

18       49.  DEFENDANTS, and each of their, conduct was so severe and pervasive, it materially altered

19  Plaintiff's terms of employment.

20       50.  DEFENDANTS, and each of them, committed the acts herein alleged maliciously,

21  fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an

22  improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an

23  award of exemplary and punitive damages is justified.   Further, the acts mentioned herein were

24  carried out by supervising employees acting in a deliberate, callous and intentional manner in order to

25  injure and damage Plaintiff.  For the reasons stated herein, Plaintiff is therefore entitled to and hereby

26  prays for punitive damages in an amount sufficient to punish DEFENDANTS.

27       51. As an actual and proximate result of DEFENDANTS', and each of their, acts, Plaintiff was

28  damaged in an amount to be determined at trial.  Plaintiff's damages include, but are not limited to,

1   loss of income, emotional and physical distress, humiliation and embarrassment, and other damages,

2   which exact amount is not fully ascertained and will be proven at trial.

3       WHEREFORE, Plaintiff prays for punitive damages and judgment as hereinafter set forth.

4                             **SECOND CAUSE OF ACTION**

5   DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE 12940, ET SEQ.
                                      (GENDER)

6                            [AGAINST ALL DEFENDANTS]

7       52. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-51 as though fully set

8   forth herein.

9       53. At all times herein mentioned, Defendant BRINK'S qualified as an "employer" as defined

10  within California Fair Employment and Housing Act (California Government Code 12940, et seq, or

11  "FEHA"), in that they each regularly employed five or more workers.

12      54. At all times herein mentioned, FEHA was in full force and effect and was binding upon

13  Defendant BRINK'S. FEHA requires employers, such as Defendant BRINK'S to refrain from

14  discrimination against, and harassment of, an employee on the basis of their gender, among other

15  classifications. Within the time provided by law, Plaintiff made a complaint to the California

16  Department of Fair Employment and Housing ("DFEH") and has received his Notice of Right to Sue.

17      55. At all times during Plaintiff's tenure with Defendants, and each of them, Plaintiff was

18  protected by California State law from discrimination, harassment, or termination based solely on, or

19  motivated by, his gender.

20      56. At all times during Plaintiff's tenure with Defendants, and each of them, Plaintiff performed

21  his duties in an acceptable manner.

22      57. Defendant BRINK'S made numerous decisions which adversely affected Plaintiff in regards to

23  the terms, conditions and privileges of employment. Such actions include, but are not limited to: a)

24  failing to address Plaintiff's complaints of a hostile work environment; b) subjecting Plaintiff to

25  negative performance criticism following his numerous complaints of hostile work environment; c)

26  suspending Plaintiff and; d) terminating Plaintiff from his employment. Plaintiff is informed and

27

28

---

*Delluna v. Brink's, Inc.* et al.                  9                    **COMPLAINT FOR DAMAGES**
Case No.:

1  believes, and thereon alleges, that Plaintiff's gender was a motivating factor in the Defendants', and

2  each of their, acts as alleged above and incorporated herein by reference.

3    58.  Plaintiff informed Defendant BRINK'S of the discrimination and disparate treatment that was

4  being shown towards female employee Veronica Kenny. Defendant BRINK'S failed to take any

5  reasonable steps to prevent or address Plaintiff's complaints.

6    59.  Defendants', and each of their, conduct was extreme and outrageous and has caused Plaintiff

7  injury, damage, loss and harm, including but not limited to, loss of income, humiliation,

8  embarrassment, severe mental and emotional distress, and discomfort, all of which amount to

9  Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount

10  to be proven at trial.

11    60.  Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently,

12  and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil

13  motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of

14  exemplary and punitive damages is justified.  Further, the actions directed at Plaintiff were carried out

15  by supervising employees acting in a deliberate, callous and intentional manner in order to injure and

16  damage Plaintiff.

17  WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

18  below.

19                              **THIRD CAUSE OF ACTION**
                      UNLAWFUL RETALIATION - GOVERNMENT CODE §§ 12940(h) –
20                              (AGAINST ALL DEFENDANTS)

21

22    61.  Plaintiff realleges and incorporates by reference, each and every allegation in paragraphs 1-60.

23    62.  Defendants and each of them, took adverse employment actions against Plaintiff, as alleged

24  herein, in retaliation for Plaintiff's opposition to practices prohibited by the California Fair

25  Employment and Housing Act ("FEHA").

26    63.  As a direct, proximate and foreseeable result of Defendants' acts and failures to act as alleged

27  herein, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of

28  income, humiliation, embarrassment, severe mental and emotional distress, and discomfort. Plaintiff

1   has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to

2   her career and reputation and extreme and enduring emotional distress including but not limited to

3   humiliation, shock, embarrassment, fear, anxiety and discomfort, all to her damage in an amount to be

4   determined according to proof at trial.

5       64.  Defendants committed the acts herein alleged despicably, maliciously, fraudulently, and

6   oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil

7   motive amounting to malice and in conscious disregard of Plaintiff's rights.  Because the acts taken

8   toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous,

9   despicable, and intentional manner in order to injure and damage plaintiff, he is entitled to punitive

10  damages from Defendants in an amount according to proof.

11  WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

12  below.

13                      **FOURTH CAUSE OF ACTION**

      FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO PREVENT

14           DISCRIMINATION AND HARASSMENT FROM OCCURRING-

15              GOVERNMENT CODE §§ 12940(k)-

               (AGAINST ALL DEFENDANTS)

16

17      65. Plaintiff realleges and incorporates by reference, each and every allegation in paragraphs 1-64.

18      66.  Defendant BRINK'S failed to take all reasonable steps to prevent discrimination and

19  harassment against Plaintiff from occurring, and failed to take immediate and appropriate corrective

20  action to remedy the harassment, in violation of FEHA, by engaging in conduct set forth herein, in

21  violation of Government Code §12940(k).

22      67.  Specifically, Defendant BRINK'S failed to take any disciplinary measures to prevent

23  discrimination and harassment against Plaintiff from occurring in the workplace and failed to take any

24  immediate and appropriate corrective action against Ms. Kenny, Mr. Moore, or Mr. Berry for

25  engaging in inappropriate sexual conduct in the workplace and subsequently subjecting Plaintiff to

26  discrimination and retaliation, such as issuing a formal warning, providing counseling, or imposing

27  probation, suspension, or termination.

28

68. As a direct, proximate and foreseeable result of Defendants' acts and failures to act as alleged herein, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort. Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all to her damage in an amount to be determined according to proof at trial.

69. Defendant BRINK'S committed the acts herein alleged despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, despicable, and intentional manner in order to injure and damage Plaintiff, he is entitled to punitive damages from BRINK'S in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### FIFTH CAUSE OF ACTION
WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
[AGAINST ALL DEFENDANTS]

70. Plaintiff realleges and incorporates by reference against each defendant, each and every allegation in paragraphs 1-69.

71. At all times relevant to this complaint, FEHA was in full force and effect and binding upon defendants. FEHA prohibits employers from harassing employees because of sex and discriminating against the person in terms, conditions, or privileges of employment because of the person's sex or because the person has opposed any practices forbidden under FEHA.

72. Defendant BRINK'S violated the public policy of California by terminating, actually and/or constructively, Plaintiff's employment because of his opposition to sexual harassment.

73. As a direct, proximate and foreseeable result of Defendants' acts and failures to act as alleged herein, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of

*Delluna v. Brink's, Inc.* et al.                    12              COMPLAINT FOR DAMAGES
Case No.:

1   income, humiliation, embarrassment, severe mental and emotional distress, and discomfort. Plaintiff

2   has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to

3   her career and reputation and extreme and enduring emotional distress including but not limited to

4   humiliation, shock, embarrassment, fear, anxiety and discomfort, all to her damage in an amount to be

5   determined according to proof at trial.

6       74. Defendant BRINK'S committed the acts herein alleged despicably, maliciously, fraudulently,

7   and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil

8   motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken

9   toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous,

10  despicable, and intentional manner in order to injure and damage Plaintiff,  he is entitled to punitive

11  damages from BRINK'S in an amount according to proof.

12  WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

13  below.

14

15                      **PRAYER FOR RELIEF**

16      WHEREFORE, Plaintiff makes the following demand:

17      (a)     That process be issued and served as provided by law, requiring DEFENDANTS, and

18  each of them, to appear and answer or face judgment;

19      (b)     For general, special, actual, compensatory and/or nominal damages, as against

20  DEFNDANTS, and each of them, in an amount to be determined at trial;

21      (c)     For punitive damages in an amount to be determined at trial sufficient to punish,

22  penalize and/or deter DEFENDANTS, and each of them, from further engaging in the conduct

23  described herein;

24      (d)     For back pay and other benefits Plaintiff would have been afforded but-for

25  DEFENDANTS', and each of their, unlawful conduct;

26      (e)     For statutory penalties as allowed by law;

27      (f)     For costs and expenses of this litigation;

28      (g)     For reasonable attorneys' fees where appropriate;

*Delluna v. Brink's, Inc.* et al.                    13                      COMPLAINT FOR DAMAGES
Case No.:

1      (h)     For pre and post-judgment interest on all damages and other relief awarded herein from

2  all entities against whom such relief may be properly awarded; and,

3      (i)     For all such other relief as this Court deems just and appropriate.

4  Dated: *November 26, 2013*

                                          Law Offices of Daniel Feder

DANIEL FEDER
Attorneys for Plaintiff, SOMER ABURISH

9  PLAINTIFF DEMANDS TRIAL BY JURY.

Dated: *November 26, 2013*

                                          Law Offices of Daniel Feder

DANIEL FEDER
Attorneys for Plaintiff, SOMER ABURISH

*Delhuna v. Brink's, Inc.* et al.             14             **COMPLAINT FOR DAMAGES**
Case No.:

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br><br>**E N D O R S E D<br>F I L E D**<br>NOV 2 6 2013<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
|---|---|
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE** | Case number:<br>SCV  254686 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON.** _____GARY NADLER_____ **FOR ALL PURPOSES.**
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. **EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.**
   A Case Management Conference has been set at the time and place indicated below:

   | Date: MAR 2 7 2014 | Time: 300p | Courtroom: 17 |
   |---|---|---|
   | Location: 3035 CLEVELAND AVE STE 200<br>SANTA ROSA, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case.  In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference.  These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

### ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

# EXHBIT C

ENDORSED
FILED

FEB 1 3 2014

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1  GREGORY C. CHENG, State Bar No. 226865
   gregory.cheng@ogletreedeakins.com
2  BECKI D. GRAHAM, State Bar No. 238010
   becki.graham@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
4  One Market Plaza
   San Francisco, CA  94105
5  Telephone:    415.442.4810
   Facsimile:    415.442.4870
6
   Attorneys for Defendants
7  BRINK'S, INCORPORATED and
   BRINK'S GLOBAL SERVICES USA, INC.
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF SONOMA

11

12  KASSWINN DELLUNA, an individual,        Case No. SCV 254686

13                Plaintiff,

14        vs.                               DEFENDANTS' ANSWER TO
                                            PLAINTIFF'S UNVERIFIED COMPLAINT
15  BRINK'S, INC. and BRINK'S GLOBAL
    SERVICES USA, INC.; and DOES 1-100,     Action Filed: November 26, 2013
16  inclusive,                              Trial Date:

17                Defendants.

18

19

20

21

22

23

24

25

26

27

28
                                                        Case No. SCV 254686

1    Defendants Brink's, Incorporated (erroneously sued as "Brink's, Inc.") and Brink's Global

2   Services USA, Inc. (collectively, "Defendants") hereby respond to plaintiff Kasswinn Delluna's

3   ("Plaintiff") unverified Complaint for Damages ("Complaint") as follows:

4                                  **GENERAL DENIAL**

5    Pursuant to Section 431.30(d) of the Code of Civil Procedure, Defendants deny each and

6   every allegation in Plaintiff's Complaint, and deny further that Plaintiff has been injured in the

7   amount or manner alleged or in any other manner whatsoever.  Additionally, Defendants assert the

8   following affirmative defenses as set forth below:

9                              **FIRST AFFIRMATIVE DEFENSE**

10    1.    As a separate and affirmative defense, Plaintiff's Complaint fails to state a cause of

11   action upon which relief can be granted.

12                             **SECOND AFFIRMATIVE DEFENSE**

13    2.    As a separate and affirmative defense, Plaintiff has failed to properly mitigate his

14   damages, if any.

15                              **THIRD AFFIRMATIVE DEFENSE**

16    3.    As a separate and affirmative defense, Plaintiff's Complaint, and each purported

17   cause of action therein, is barred by the doctrine of waiver and/or estoppel.

18                             **FOURTH AFFIRMATIVE DEFENSE**

19    4.    As a separate and affirmative defense, Plaintiff's Complaint, and each purported

20   cause of action therein, is barred by the applicable statutes of limitations, including, but not limited

21   to, California Code of Civil Procedure sections 335.1, 338, and 340, Gov't Code §§ 12960(d), and

22   12965(b).

23                              **FIFTH AFFIRMATIVE DEFENSE**

24    5.    As a separate and affirmative defense, Defendants cannot be held liable for acts of

25   their employees committed outside the scope of their employment or which Defendants did not

26   authorize or ratify.

27                              **SIXTH AFFIRMATIVE DEFENSE**

28    6.    As a separate and affirmative defense, Plaintiff's Complaint and each purported

1                                        Case No. SCV 254686

1  cause of action therein, is barred by California Labor Code Sections 2854 and 2856 to the extent that

2  Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply

3  substantially with the reasonable directions of his employer.

4                            **SEVENTH AFFIRMATIVE DEFENSE**

5          7.     As a separate and affirmative defense, Plaintiff's claims are barred by the doctrine

6  of avoidable consequences because he unreasonably failed to take action to avoid the alleged

7  damages, and some or all of the alleged damages would have been avoided by such action.

8                            **EIGHTH AFFIRMATIVE DEFENSE**

9          8.     As a separate and affirmative defense, certain of Plaintiff's causes of action are

10  barred to the extent he failed to exhaust his administrative remedies.

11                            **NINTH AFFIRMATIVE DEFENSE**

12          9.     As a separate and affirmative defense, Plaintiff fails to state facts sufficient to

13  support a claim for punitive damages.

14                            **TENTH AFFIRMATIVE DEFENSE**

15          10.    As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint

16  and each purported cause of action alleged therein is barred, in whole or in part, by the doctrine of

17  laches.

18                          **ELEVENTH AFFIRMATIVE DEFENSE**

19          11.    As a separate and affirmative defense, Plaintiff's claim for tort and punitive

20  damages are barred by the contract clause (Article I, Section 10, clause 1), the due process clause

21  (Fifth Amendment, Fourteenth Amendment, Section 1), and the excessive fines clause (Eighth

22  Amendment) of the United States Constitution, and the corresponding provisions of the

23  Constitution of the State of California.

24                         **TWELFTH AFFIRMATIVE DEFENSE**

25          12.    As a separate and affirmative defense, Plaintiff's Complaint and each purported

26  cause of action alleged therein, is barred because Defendant's actions were at all times privileged

27  and/or justified and taken in good faith and for legitimate non-discriminatory business reasons

28  without regard to Plaintiff's gender.

1

**THIRTEENTH AFFIRMATIVE DEFENSE**

2       13.    As a separate and affirmative defense, Plaintiff's Complaint, and each purported

3 cause of action therein, is barred in whole or in part by the doctrine of after-acquired evidence.

4

**FOURTEENTH AFFIRMATIVE DEFENSE**

5       14.    As a separate and affirmative defense, Plaintiff's Complaint, and each purported

6 cause of action therein, is barred in whole or in part because Defendants exercised reasonable care

7 to prevent and correct promptly any discriminatory/harassing behavior and Plaintiff unreasonably

8 failed to take advantage of Defendants' preventative and/or corrective opportunities to avoid harm.

9       Defendants reserve the right to assert additional affirmative defenses in the event discovery

10 indicates it would be appropriate.

11       WHEREFORE, Defendants pray for relief as follows:

12       1.    That Plaintiff take nothing by way of his Complaint;

13       2.    That judgment be entered in favor of Defendants and against Plaintiff;

14       3.    That generally, Defendants be awarded its costs of suit incurred in this action,

15                including any attorneys' fees and costs, and any other expenses; and

16       4.    For such other and further relief as the Court deems just and proper.

17

18 DATED: February 13, 2014           OGLETREE, DEAKINS, NASH, SMOAK &
19                              STEWART, P.C.

20

21                              By: _____

22                              GREGORY C. CHENG
                             BECKI D. GRAHAM

23                              Attorneys for Defendants
                             BRINK'S, INCORPORATED and BRINK'S

24                              GLOBAL SERVICES USA, INC.

25

26

27

28

**CERTIFICATE OF SERVICE**
*Kasswinn Delluna v. Brink's, Inc., et al.*
Case No. SSCV 254686

I am employed in the County of San Francisco, State of California; I am over the age of 18 years and not a party to this action. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, California 94105.

On February 13, 2014, I served the following document(s) described as:

**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the person(s) below as follows:

Daniel Feder                                    *Attorneys for Plaintiff*
Law Offices of Daniel Feder
332 Pine Street, Suite 700
San Francisco, CA 94104
P: 415.391.9476
F: 415.391.9432

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Francisco, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

      ☐    the written confirmation of counsel in this action:

      ☐    [State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b):

Case No. SCV 254686

1     ☐    [Federal Court] in accordance with the written confirmation of counsel in
2             this action and order of the court:

3 ☐  **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an
agreement of the parties to accept service by e-mail or electronic transmission, I caused the
4     documents to be sent to the person[s] at the e-mail addresses listed on the attached service
list. I did not receive, within a reasonable time after the transmission, any electronic
5     message or other indication that the transmission was unsuccessful.

6
☐  **BY MESSENGER:** I caused the document(s) to be personally served by placing the
7     document(s) in (a) sealed envelope(s) to be hand-delivered by same-day messenger service
to the above addressee(s).
8

9 ☒  **(State)**    I declare under penalty of perjury under the laws of the State of California that
the above is true and correct.
10
☐  **(Federal)**   I declare that I am employed in the office of a member of the State Bar of this
11            Court at whose direction the service was made. I declare under penalty of
perjury under the laws of the United States of America that the above is true and
12            correct.

13 Executed on February 13, 2014, at San Francisco, CA.

14

15                                Sharon Ingram

16                                                16940764.1

17

18

19

20

21

22

23

24

25

26

27

28